```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHARLES B. GREENE, II | 1:21-cv-01176-NLH |
| Plaintiff, | **OPINION** |
| v. | |
| RECOVERY CENTERS OF AMERICA, | |
| Defendant. | |

**APPEARANCES:**

CHARLES B. GREENE, II
728 MILLBRIDGE ROAD
CLEMENTON, NEW JERSEY 08021
      Plaintiff appearing *pro se*

**HILLMAN**, District Judge

  Plaintiff, Charles B. Greene, II, filed a complaint alleging violations of Title VII of the Civil Rights Act of 1964, among other claims, without submitting the required filing fee or filing an application to proceed in forma pauperis ("IFP").

  Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint is $402.  Under Title 28, section 1915 of the United States Code, however, a court may

1

allow a litigant to proceed without prepayment of fees if he submits a proper IFP application.  28 U.S.C. § 1915(a)(1).

Because Plaintiff has failed to pay the filing fee or submit an IFP application, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP application. Plaintiff is required to submit an IFP application if Plaintiff chooses that route rather than submitting the $402 filing fee. The Clerk of Court recently filed a letter with instructions on how to access a blank application to proceed in forma pauperis. (ECF No. 2.)  An appropriate Order follows.


Date: January 27, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).