UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES B. GREENE, II                1:21-cv-01176-NLH

        Plaintiff,               **MEMORANDUM**
                                     **OPINION & ORDER**
   v.

RECOVERY CENTERS OF AMERICA,

        Defendant.

**APPEARANCES:**

CHARLES B. GREENE, II
728 MILLBRIDGE ROAD
CLEMENTON, NEW JERSEY 08021
    Plaintiff appearing pro se

**HILLMAN, District Judge**

    WHEREAS, Plaintiff, Charles B. Greene, II, appearing pro se has filed a complaint against Defendant Recovery Centers of America; and

    WHEREAS, Plaintiff claims that Defendant unlawfully failed to hire him on the basis of his race and age; and

    WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper in forma pauperis ("IFP") application; and

    WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v.

1

Mauro, No. 11-6304, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")) (other citations omitted); and

WHEREAS, "the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner," Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)).  For a Court to grant in forma pauperis status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit."  Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).  "The Supreme Court has held that a plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" Chatman v. Allegheny County, 144 Fed. App'x 216, 217 (3d Cir. 2005) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Moreover, a Plaintiff is not entitled to relief merely because he brings an action pro se and has expenses.  See Schneller v. Crozer Chester Med. Ctr., 201 Fed App'x 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in forma pauperis relief); and

WHEREAS, Plaintiff's application states that his average monthly income amount during the past 12 months was $5,482.00,

which consists of $3,344.00 from his job and $2,138.00 from retirement.[1]  Plaintiff also owns a 2018 KIA Sportage, which is worth $44,000.00 and has $867.00 in his checking account. Plaintiff explains that his total monthly expense is $3,724.71, but his monthly income still exceeds this monthly expense by $1,757.29.  Accordingly, this Court finds that Plaintiff has made an inadequate showing of why he is an unable to remit the $402 filing fee for this case and instead has sufficient assets to pay such fee.

    THEREFORE, IT IS on this 9th day of February 2021

    ORDERED that Plaintiff's IFP application [ECF No. 5] be, and the same hereby is, DENIED; and it is further

    ORDERED that the Clerk of Court SHALL NOT FILE the Complaint; and it is further

    ORDERED that Plaintiff is GRANTED LEAVE to pay the filing fee within 30 days of the date of this Order; and it is further

---

[1] Plaintiff lists that his income expected next month related to his employment will be $33,448.00.  This Court is unsure of whether this is an error in Plaintiff's application or whether this is an accurate representation of the income he expects to receive next month.  Nevertheless, even if the correct amount is approximately $3,344.00 or $3,448.00 rather than $33,448.00, this Court still finds Plaintiff has made an inadequate showing of why he is an unable to remit the $402 filing fee for a civil action.

ORDERED that in the event Plaintiff fails to timely pay the filing fee, the Court will issue an Order dismissing this case without prejudice.

Date: February 9, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

4